# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-1746

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Tam Ba Tran, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: March 14, 2011
Filed: March 21, 2011

_____

Before WOLLMAN, MURPHY, and GRUENDER, Circuit Judges

_____

PER CURIAM.

Tam Ba Tran was convicted of three criminal charges relating to growing and distributing marijuana and was sentenced to 60 months. He appeals the denial of his motion to suppress evidence.[1] We affirm.

After observing suspicious activity, Sergeant James Wingo and other police officers approached Tran outside his home in Independence, Missouri. Wingo

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri, entered the order denying Tran's motion to suppress. Final judgment was ordered by United States District Judge David Gregory Kays.

confirmed that Tran spoke English and identified himself and the other officers. Wingo told Tran that he believed there was marijuana growing inside the house and that, "if it was alright with you," he and the other officers would come in and take the marijuana. Tran responded, "Sure, okay," and admitted that there was marijuana inside. He allowed the officers into the house and the basement where marijuana was growing. After then reading and signing a notification and waiver of rights form, Tran allowed the officers to search a storage facility. These searches led to the discovery of another marijuana growing operation in Blue Springs, Missouri.

Tran was charged with three counts related to the cultivation and distribution of marijuana and six counts related to money laundering. Before trial the district court denied Tran's motion to suppress evidence from the searches. During trial the court granted Tran's motion for acquittal on the money laundering charges, but a jury found Tran guilty of the marijuana charges. The district court sentenced him to 60 months.

Tran challenges the denial of his motion to suppress, arguing that his consent was involuntary because he is a "Vietnamese native . . . born and raised in a country where individuals must follow all police commands." The "voluntariness of a consent . . . is a factual question" which we review for clear error. United States v. Saenz, 474 F.3d 1132, 1136 (8th Cir. 2007). Consent is voluntary if the suspect had "a reasonable appreciation of the nature and significance of his actions." Id. "[W]hether or not the suspect has actually consented to a search, the Fourth Amendment requires only that the police reasonably believe the search to be consensual." United States v. Sanchez, 156 F.3d 875, 878 (8th Cir. 1998).

As the magistrate judge[2] noted, "Tran is an intelligent and articulate gentleman who was over 44 years old at the time of consent, had previously been a business

_____

[2]The Honorable John T. Maughmer, United States Magistrate Judge for the Western District of Missouri.

-2-

owner-operator in this country for several years, had been a naturalized citizen for approximately four years, and was not impaired or intoxicated at the time of the consent." See Saenz, 474 F.3d at 1136-37 (setting out factors relevant to voluntariness analysis). The magistrate judge also found that "Tran was aware of the purpose for the officers' requests for the consent, the import of consenting, and his option of not consenting," and there was no evidence suggesting that Tran had been "intimidated, threatened, or coerced."

While Tran's cultural background may have made him less inclined to refuse consent, the court's determination that he voluntarily consented was not clearly erroneous. In light of the record made in the district court, we affirm the judgment.

_____